WILLIAM JEFFERIS v. OTTO BAUMANN.[1]

November 9, 1928.

No. 26,911.

**Verdict against defendant sustained.**

Where two automobiles came into collision in broad daylight at right-angled intersection of two streets, verdict on conflicting evidence that defendant was negligent will not be set aside. [Reporter]

Motor Vehicles, 42 C. J. § 1067 p. 1249 n. 92; § 1112 p. 1264 n. 74.

Defendant appealed from an order of the district court for Pipestone county, Gislason, J. denying his motion for a new trial. Affirmed.

*Howard & Palmer* and *C. B. Howard,* for appellant.

*Evans & Evans,* for respondent.

[1]Reported in 221 N. W. 680.

PER CURIAM.

There was a collision between two automobiles in the city of Pipestone in which both cars were damaged. Plaintiff was driving his car north on a paved street, and defendant was driving east on a graveled street crossing the former at right angles. At the intersection the collision took place. Plaintiff charged defendant with negligence. Defendant retaliated with the same charge against plaintiff. Each claimed damages from the other for the injury done to his own car. The jury found in favor of plaintiff, awarding him $100. Defendant's motion for a new trial, on the single ground "that the verdict is not justified by the evidence and is contrary to law," was denied, and he appeals from the order.

That a collision occurs in broad daylight at the intersection of two streets between two automobiles coming to the intersection at right angles in and of itself gives rise to the inference that at least one of the drivers was negligent. The jury found that the defendant was the one who offended, and refused to find that any negligence of plaintiff contributed to the collision. There was enough conflict in the testimony as to speed, place of contact, and location of damage upon the respective cars to make a jury question of negligence and contributory negligence of the respective drivers. No useful purpose can be served by a further statement of the conflicting evidence.

The order is affirmed.